UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GLEN BAILEY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | PRISONER CASE NO. |
| | : | 3:08-cv-01185 (VLB) |
| CTO MARSTON ET AL., | : | |
|     Defendants. | : | November 24, 2008 |

## RULING ON PLAINTIFF'S MOTIONS [Docs. # 21, 22, 23, 24, 25]

The plaintiff has filed a second motion for leave to file an amended complaint and motions for appointment of counsel, copies, judicial notice and modification of the scheduling order.

### I.  Second Motion for Leave to Amend [Doc. #23]

The plaintiff did not submit a proposed amended complaint with his second motion to amend but did submit a proposed amended complaint between the filing of the two motions for leave to amend.  Thus, the Court will consider the second motion to amend in light of the previously submitted proposed amended complaint.

The Court ordered service of the original complaint on the defendants Marston and Barone in their official capacity on the claim for a violation of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and in their individual capacities on the plaintiff's remaining claims, which are a violation of his right to due process, deliberate indifference to serious medical needs, and unconstitutional conditions of confinement caused by the denial of

hygiene products. In his motion to amend, the plaintiff states that he has corrected the ADA claims he tried to assert against the defendants in their individual capacities. As the Court previously stated, Title II of the ADA does not provide "for individual capacity suits against state officials." See <u>Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn</u>, 280 F.3d 98, 107 (2d Cir. 2001). Thus, the plaintiff cannot correct his complaint to assert ADA claims against any state official in his or her individual capacity.

The plaintiff also seeks to add as defendants Captain Patz, Deputy Warden Boyle, Captain Manly, Grievance Coordinator Vadnais and Warden Murphy. He states that there were not enough spaces on the original complaint to list these individuals as defendants. This rationale is not persuasive. A review of the original complaint form shows that there were five blank lines in the case caption where the plaintiff could have listed these individuals. In addition, in the section of the form where he was required to identify the parties, he was instructed to include the requested information on a separate sheet of paper for additional defendants. Thus, the plaintiff could have included these individuals in his original complaint.

The Court notes, however, that if the Court were to deny the plaintiff's motion to amend, he could commence another action against these individuals. To avoid litigating the same issues in two cases, the Court grants the plaintiff's motion to amend his complaint to include the claims, pursuant to 42 U.S.C. § 1983, against these five individuals in their individual capacities.

## II. Motion for Appointment of Counsel [Doc. #21]

The plaintiff seeks appointment of pro bono counsel in this action pursuant to 28 U.S.C. § 1915. The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel; see, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997), and has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel or legal assistance on his own. See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986).

The plaintiff fails to indicate that he has made any attempts to obtain legal assistance or representation prior to filing this motion. Accordingly, the Court cannot conclude at this time that the plaintiff will be unable to obtain legal assistance on his own. The plaintiff's motion for appointment of counsel is denied without prejudice as premature. Any refiled motion shall include information regarding the plaintiff's attempts to obtain legal assistance.

## III. Motion for Copies [Doc. #24]

The plaintiff asks the Court to make service copies of the original complaint so he can comply with the Court's order [Doc. #7]. That order directed the Pro Se Prisoner Litigation Office, not the plaintiff, to make copies and effect service. The plaintiff's motion is denied as moot.

## IV. Motion to Take Judicial Notice [Doc. #22]

The plaintiff asks the Court to take judicial notice that, although the Court ordered the U.S. Marshal to serve the complaint on the defendants in their official

capacities, service has not yet been effected. The defendants Marston and Barone have appeared in their official capacities and have not contested the adequacy of service of process by filing a motion to dismiss. Thus, there is no issue regarding official capacity service. The plaintiff's motion is denied.

V. Motion for Modification of the Scheduling Order [Doc. #25]

Finally, the plaintiff seeks a modification of the scheduling order because the Court has not yet ruled on his motion for extension of time to comply with orders #2 and 3 in the Court's Initial Review Order. The plaintiff is mistaken. The Court denied his motion for extension of time on September 22, 2008. See Doc. #14. In addition, these orders were directed to the Pro Se Prisoner Litigation Office, not to the plaintiff. As the plaintiff was not required to take any action, his failure to do so does not warrant extending any of the deadlines. The plaintiff's motion is denied.

VI. Conclusion

The plaintiff's second motion for leave to amend [Doc. #23] is DENIED as to any ADA claims and GRANTED as to the § 1983 claims against Captain Patz, Deputy Warden Boyle, Captain Manly, Grievance Coordinator Vadnais and Warden Murphy. The Pro Se Prisoner Litigation Office shall verify the current work address for each new defendant, Captain Patz, Deputy Warden Boyle, Captain Manly, Grievance Coordinator Vadnais and Warden Murphy, mail waiver of service of process request packets to them in their individual capacities within 10 business days of this Order, and report to the Court on the status of those

4

waiver requests on the 35th day after mailing.  If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

The plaintiff's motion for appointment of counsel [Doc. #21] is DENIED without prejudice.  His motions for copies [Doc. #24], judicial notice [Doc. #22], and modification of the scheduling order [Doc. #25] are DENIED.

           IT IS SO ORDERED.

              /s/
           Vanessa L. Bryant
           United States District Judge

Dated at Hartford, Connecticut: November 24, 2008.